60 F.3d 821
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William H. GLAZEBROOK, Plaintiff-Appellant,
v.
INMATE GRIEVANCE PROCEDURE RECORDS ADMINISTRATOR, Defendant-Appellee.
 No. 94-7432.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1995.
Decided July 10, 1995.
 
 William H. Glazebrook, Appellant Pro Se.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders dismissing without prejudice his complaint seeking enforcement of a request for documents pursuant to the Freedom of Information Act, 5 U.S.C.A. Sec. 552 (West 1977 & Supp.1995) ("FOIA"),* and denying his motion to reconsider. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we affirm both orders on the reasoning of the district court. Glazebrook v. Inmate Grievance Procedure Records Administrator, No. CA-94-893 (W.D.Va. Dec. 6, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Generally, dismissals without prejudice are not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir.1993). However, a dismissal without prejudice could be final if no amendment to the complaint could cure defects in the plaintiff's case. Id. at 1066-67. We find that the district court's order is a final, appealable order because the defect in Appellant's complaint--failure to exhaust administrative remedies--must be cured by something more than an amendment to the complaint. We note that if Appellant refiles his action, he should provide to the district court copies of all documentation relating to his FOIA requests so that the district court may determine whether Appellant has actually or constructively exhausted his administrative remedies. See 5 U.S.C.A. Sec. 552(a)(6)